**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-289

ZAKARIA HAGIG,

    *Plaintiff*,

v.

DONALD TRUMP, President of the United States;
U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS");
U.S. CUSTOMS AND BORDER PROTECTION ("CBP");
JOHN KELLY, Secretary of DHS;
KEVIN MCALEENAN, Acting Commissioner of CBP; and
LASHANDA JONES, Denver Director, CBP,

    *Defendants*.

___

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
___

## INTRODUCTION

Plaintiff Zakaria Hagig is a lawful resident of the United States, the state of Colorado, and the city of Denver. He is a student at the Community College of Denver studying business. He also works and pays taxes. He is Muslim. He is from Libya and his family lives in Libya.

Plaintiff has a constitutional right to travel to Libya in the event of a family emergency, or other need, and return to the United States to continue his studies and work, and not be banned from reentry without justification and due process protections. He cannot currently exercise his right to travel in the event of a family emergency, without being detained or barred from reentry, solely pursuant to an executive order issued by President Donald Trump on January 27, 2017.

The executive order, which prevents Plaintiff and others similarly situated from travel, despite their otherwise lawful presence in or travel to the United States, violates Plaintiff's Fifth Amendment and Fourteenth Amendment due process rights and equal protection rights, his First Amendment Establishment right to be free from discrimination on the basis of religion, and his statutory rights under federal immigration statutes and the Administrative Procedure Act. Further, the unlawful and unconstitutional discrimination against Plaintiff and others similarly situated is part of a widespread policy, pattern, and practice infringing on rights of many people traveling after issuance of the executive order now subject to suspension, detention and removal.

Therefore, Plaintiff respectfully asks the Court for immediate declaratory and injunctive relief to prevent such unlawful and unconstitutional harms from occurring now and in the future.

## PARTIES

1. Plaintiff Zakaria Hagig is a Libyan national and a lawful resident of the United States, the state of Colorado, and the city of Denver. He is a student at the Community College of Denver studying business. He works and pays taxes. He is Muslim. His family lives in Libya.

2. The U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal government with the primary mission of securing the United States.

3. U.S. Customs and Border Protection ("CBP") is an agency within DHS with primary mission of detecting and preventing unlawful entry of persons and goods into the United States.

4. Defendant John Kelly is the Secretary of DHS. Secretary Kelly is responsible for DHS actions affecting Plaintiff and others similarly situated. He is sued in his official capacity.

5. Defendant Kevin McAleenan is the Acting Commissioner of CBP. Acting Commissioner McAleenan is responsible for CBP actions affecting Plaintiff and others similarly situated. He is sued in his official capacity.

6. Defendant LaShanda Jones is the Director of the Denver Office of CBP, which is responsible for CBP actions affecting Plaintiff and others similarly situated, including actions affecting those traveling into Denver International Airport. She is sued in her official capacity.

7. Defendant Donald Trump is the President of the United States. As the President, he issued the January 27, 2017 executive order titled, "Protecting the Nation from Foreign Terrorist Entry into the United States," giving rise to this action. He is sued in his official capacity.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1361, 2241, 2243, and the United States Constitution, and remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

9. Venue properly lies within the District of Colorado because Plaintiff lawfully resides in Colorado, works and pays taxes in Colorado, and passes through Denver International Airport, indicating that a substantial part of events or omissions giving rise to this action have occurred, are occurring, and/or will occur within the District of Colorado. 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

**President Trump's January 27, 2017 Executive Order**

10. On January 20, 2017, Donald Trump was inaugurated as the forty-fifth President of the United States. During his campaign, he stated he would ban Muslims from entering the U.S.

11. On January 27, one week after his inauguration, President Trump signed an executive order titled, "Protecting the Nation from Foreign Terrorist Entry into the United States."

12. In statements to the media, President Trump made negative comments about Muslims and stated that his executive order would help Christian refugees to enter the United States.

13. Citing the threat of terrorism committed by foreign nationals, the executive order directs a variety of changes to the manner and extent to which non-citizens – including green card holders, visa holders, and refugees – may seek and obtain entry to the United States. The executive order singles out refugees and non-citizens from particular nations for discrimination.

14. Most relevant to the instant action is Section 3(c) of the executive order, in which President Trump proclaims "that the immigrant and nonimmigrant entry into the United States of aliens from countries referred to in section 217(a)(12) of the INA, 8 U.S.C. 1187(a)(12), would be detrimental to the interests of the United States," and that he is therefore "suspend[ing] entry into the United States, as immigrants and nonimmigrants, of such persons for 90 days from the date of this order," with narrow exceptions not relevant here.

15. There are seven countries that fit the criteria in 8 U.S.C. § 1187(a)(12): Iraq, Iran, Libya, Somalia, Sudan, Syria, and Yemen. According to the terms of the executive order, "entry into the United States" of non-citizens from those countries is "suspended" for 90 days from the date of the executive order. Non-citizens from other countries are not subject to the suspension.

16. Challenges to aspects of the executive order have been initially successful in the Eastern District of New York, *Darweesh and Alshawi v. Trump et al.*, E.D. N.Y. (2017), No. 17 Civ. 480, District of Massachusetts, *Tootkaboni and Loughghalam v. Trump et al.*, D. M.A. (2017), No. 17-cv-10154, Eastern District of Virginia, *Aziz et al. v. Trump et al.*, E.D. V.A. (2017), No. 1:17-cv-116, and Western District of Washington, *Doe and Doe v. Trump et al.*, W.D. W.A. (2017), No. C17-126. Such decisions are hereby incorporated by reference.

**Plaintiff Hagig**

17. Plaintiff is a Libyan national and a lawful resident of the United States.

18. Plaintiff is a student at the Community College of Denver studying business.

19. Plaintiff, as a student, lives, works, and pays taxes in Colorado, a U.S. state.

20. Plaintiff is Muslim.

21. Plaintiff's family is in Libya.

22. Plaintiff's closest international airport is Denver International Airport.

23. In the event of family emergency or other need, which necessitated Plaintiff and others similarly situated to travel outside the U.S., Plaintiff and others similarly situated would be denied reentry and be subject to detention and removal, solely pursuant to the discriminatory, unlawful, and unconstitutional executive order signed by President Trump on January 27, 2017.

## CAUSES OF ACTION

### COUNT ONE

### FIFTH AND FOURTEENTH AMENDMENTS – DUE PROCESS

24. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

25. Due process requires that the government be constrained before it acts in a way that deprives individuals of liberty interests protected under the Due Process Clauses of the Fifth and Fourteenth Amendments. Additionally, due process requires that arriving immigrants and other non-citizens be afforded those statutory rights granted by Congress and the principle that "[m]inimum due process rights attach to statutory rights." *Dia v. Ashcroft*, 353 F.3d 228, 239 (3d Cir. 2003) (alteration in original) (quoting *Marincas v. Lewis*, 92 F.3d 195, 203 (3d Cir. 1996)).

26. In particular, returning lawful residents have constitutional due process rights with respect to their return to the United States. In evaluating the due process rights available to a lawful resident, including a student who leaves to handle a family emergency or other need, "courts must consider the interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982).

27. Defendants' actions, taken pursuant to the executive order, violate the procedural and substantive due process rights guaranteed by the Fifth and Fourteenth Amendments. *See Darweesh and Alshawi v. Trump et al.*, E.D. N.Y. (2017), No. 17 Civ. 480; *Tootkaboni and Loughghalam v. Trump et al.*, D. M.A. (2017), No. 17-cv-10154; *Aziz et al. v. Trump et al.*, E.D. V.A. (2017), No. 1:17-cv-116; *Doe and Doe v. Trump et al.*, W.D. W.A. (2017), No. C17-126.

## COUNT TWO

### FIFTH AND FOURTEENTH AMENDMENTS – EQUAL PROTECTION

28. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. The executive order discriminates against Plaintiff on the basis of his country of origin and religion, without sufficient justification, and therefore violates the equal protection component of the Due Process Clauses of the Fifth and Fourteenth Amendment.

30. Additionally, the executive order was substantially motivated by animus toward and has a disparate effect on Muslims, violating the Equal Protection components of the Fifth and Fourteenth Amendments. *See Hunter v. Underwood*, 471 U.S. 222 (1985); *Jana-Rock Const., Inc. v. N.Y. State Dep't of Econ. Dev.*, 438 F.3d 195, 204 (2d Cir. 2006).

31. Defendants have demonstrated an intent to discriminate on the basis of religion via public statements that show the executive order was designed to prohibit entry of Muslims to the U.S. *See* Michael D. Shear & Helene Cooper, *Trump Bars Refugees and Citizens of 7 Muslim Countries,* N.Y. Times (Jan. 27, 2017); Carol Morello, *Trump Signs Order Temporarily Halting Admission of Refugees, Promises Priority for Christians*, Wash. Post (Jan. 27, 2017).

32. Applying a general law in a fashion that discriminates on the basis of religion in this way violates Plaintiff's rights to equal protection under the Fifth and Fourteenth Amendments. *See Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999); *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886). Plaintiff satisfies the Supreme Court's test to determine whether a facially neutral law – in the case, the executive order and federal immigration law – has been applied in a discriminatory fashion. The Supreme Court requires an individual bringing suit to demonstrate a "prima facie case of discriminatory purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-7 (1977). This test examines the impact of the official action, whether there has been a clear pattern unexplainable on other grounds besides discrimination, the historical background of the decision, the specific sequence of events leading up to the challenged decision, and departures from the normal procedural sequence. *Id.*

33. President Donald Trump and senior staff have made clear that executive order will be applied to primarily exclude individuals on the basis of their national origin and being Muslim. *See*, *e.g.*, Donald J. Trump, *Donald J. Trump Statement On Preventing Muslim Immigration*, (Dec. 7, 2015), ("Donald J. Trump is calling for a total and complete shutdown of Muslims entering the United States until our country's representatives can figure out what is going on."); Abby Phillip and Abigail Hauslohner, *Trump on the Future of Proposed Muslim Ban, Registry: 'You know my plans'*, Wash. Post (Dec. 22, 2016). Further, the President has promised that preferential treatment will be given to Christians, unequivocally demonstrating the special preferences and discriminatory impact that the executive order has upon Plaintiff.

34. Thus, Defendants have applied the executive order with forbidden animus and discriminatory intent, violating equal protection under the Fifth and Fourteenth Amendments. *See Darweesh and Alshawi v. Trump et al.*, E.D. N.Y. (2017), No. 17 Civ. 480; *Tootkaboni and Loughghalam v. Trump et al.*, D. M.A. (2017), No. 17-cv-10154; *Aziz et al. v. Trump et al.*, E.D. V.A. (2017), No. 1:17-cv-116; *Doe and Doe v. Trump et al.*, W.D. W.A. (2017), No. C17-126.

## COUNT THREE
## FIRST AMENDMENT – ESTABLISHMENT CLAUSE

35. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36. The First Amendment prohibits the government from exhibiting hostility or giving preference to specific religious faiths. The executive order exhibits hostility to a specific religious faith, Islam, and gives preference to other, specific religious faiths. Therefore, the executive order of January 27, 2017, is in violation of the Establishment Clause of the First Amendment by not pursuing a course of neutrality between religious faiths.

## COUNT FOUR

## IMMIGRATION LAW AND ADMINISTRATIVE PROCEDURE ACT

37. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. Defendants violated the constitutional and statutory rights of Plaintiff and others similarly situated solely pursuant to an executive order issued on January 27, 2017, which expressly discriminates against Plaintiff and others based specifically on country of origin, exhibits hostility to a specific religious faith, and gives preference to other religious faiths.

39. The Immigration and Naturalization Act ("INA") specifically forbids discrimination in issuance of visas based on a person's "race, nationality, place of birth, or place of residence." 8 U.S.C. § 1152(a)(1)(A). The executive order, facially and as applied, violates this prohibition.

40. The INA and implementing regulations, including 8 U.S.C. § 1225(b)(1) (expedited removal), 8 C.F.R. §§ 235.3(b)(4), 208.30, and 1003.42; 8 U.S.C. § 1158 (asylum), and 8 U.S.C. § 1231(b)(3) (withholding of removal), and U.N. Convention Against Torture, implemented in the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105-277, div. G, Title XXII, § 2242, 112 Stat. 2681, 2681-822 (1998) (codified at 8 U.S.C. § 1231 note), entitle many non-citizens entering the U.S. to apply for asylum, withholding of removal, and other relief.

41. Defendants' actions with regard to Plaintiff and others similarly situated, including specific violation of 8 U.S. Code § 1152, were and continue to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of APA § 706(2)(A); contrary to constitutional right, power, privilege, or immunity, in violation of APA § 706(2)(B); in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of APA § 706(2)(C); and without observance of procedure required by law, in violation of § 706(2)(D).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grants the following relief:

(1) Issue an injunction ordering Defendants not to suspend, detain or remove Plaintiff or similarly situated individuals solely on the basis of the executive order of January 27, 2017;

(2) Enter a judgment declaring that Defendants' suspension, detention or removal of Plaintiff or similarly situated individuals solely on the basis of the executive order of January 27, 2017, is unauthorized by statute and contrary to statutory law and the U.S. Constitution;

(3) Enter a judgment declaring that all provisions of the executive order of January 27, 2017 held to be illegal under federal law and/or the United States Constitution are unenforceable;

(4) Schedule expedited arguments on constitutional and statutory questions, as needed;

(5) Award Plaintiff reasonable costs and attorney's fees; and

(6) Grant any other and further relief that this Court may deem fit and proper.

DATED: January 31, 2017
Denver, Colorado

Respectfully submitted,

**Alan Kennedy-Shaffer, Esq.**
1051 14th Street, Box 21101
Denver, Colorado 80202
(717) 433-5488
alan.kennedy-shaffer@aya.yale.edu
Attorney for Plaintiff

/s/ Morgan L. Carroll
**Morgan L. Carroll, Esq.**
1165 Ouray Street
Aurora, Colorado 80011
(303) 726-1742
morganlcarroll@gmail.com
Attorney for Plaintiff